UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

LUIS SERRANO-NIEVES, :

Petitioner, : **MEMORANDUM DECISION**

- v - : 25-cv-5601 (DC)

H. TELLEZ, Warden, :
Metropolitan Detention Center, Brooklyn,
:
Respondent.
:
------------------------------------x

APPEARANCES: LUIS SERRANO-NIEVES
Petitioner *Pro Se*
BOP Register Number 53496-069
Metropolitan Detention Center
Brooklyn, NY 11232

JOSEPH NOCELLA, JR., Esq.
United States Attorney
Eastern District of New York
By: Samuel Rackear, Esq.
Special Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
Attorney for Respondent

CHIN, Circuit Judge:

Petitioner Luis Serrano-Nieves, proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of earned time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4), and requesting that this

Court direct the Federal Bureau of Prisons ("BOP") to declare him eligible for time credits, apply any time credits he has earned, and adjust his projected release date accordingly. *See* Dkt. No. 1. The Government opposes the Petitioner's requests. Dkt. No. 8. For the reasons that follow, the petition is DENIED.

## *BACKGROUND*

On August 18, 2022, in the District of Puerto Rico, Petitioner was convicted, following his guilty plea, of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860 (Count One) and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Six). *See United States v. Pacheco-Marin et al.*, No. 3:19-CR-121, Dkt. No. 2114 (D.P.R. Feb. 20, 2019). On November 18, 2022, Petitioner was sentenced to 60 months' imprisonment for each count, with the sentences to be served consecutively for a total of 120 months' imprisonment. *United States v. Pacheco-Marin et al.*, No. 3:19-CR-121, Dkt. No. 2380 at 2 (D.P.R. Nov. 18, 2022).

Petitioner contends that as of the date of the filing of his petition -- October 1, 2025 -- he has served the "60-month term under § 924(c), inclusive of Good Conduct Time." Dkt. No. 1 at 3. He alleges that the BOP declined to apply his FSA time credits because of his 18 U.S.C. § 924(c) conviction, but he has not provided the Court with any information regarding his application for FSA time credits or the BOP's decision in response to his application. *See id.*

## *DISCUSSION*

### I. *Section 2241 Habeas Petitions*

#### A. *Applicable Law*

A § 2241 habeas petition allows a petitioner to challenge the execution of his sentence, including the computation of such sentence with respect to the application of time credits under the FSA. *See, e.g., Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Portocarrero-Valencia v. Warden, FCI Otisville*, No. 24-CV-6413 (CS), 2025 WL 670911, at *2 (S.D.N.Y. Feb. 28, 2025); *Glover v. Warden, Fed. Bureau of Prisons*, No. 25-CV-2470 (LJL), 2025 WL 1397140, at *2 (S.D.N.Y. May 14, 2025). In doing so, "[t]he petitioner bears the burden of proving by a preponderance of the evidence that he is being held contrary to law." *Glover*, 2025 WL 1397140, at *2 (citing *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). The petition, however, must be filed in the district of confinement, name the petitioner's immediate custodian, and the Court must have jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43, 447 (2004).

Additionally, a petitioner ordinarily must exhaust his administrative remedies before filing a § 2241 habeas petition but, unlike § 2254 petitions, that requirement is "prudential, not statutory." *Zucker v. Menifee*, No. 03 Civ. 10077, 2004 WL 102779, at *4 (S.D.N.Y. Jan. 21, 2004). Thus, a district court may excuse a petitioner's

failure to exhaust his administrative remedies. *See Portocarrero-Valencia*, 2025 WL 670911, at *5.

### B. *Application*

Regarding jurisdiction, while Petitioner was convicted in the District of Puerto Rico, he is currently confined at MDC Brooklyn in the Eastern District of New York. Accordingly, this Court possesses jurisdiction pursuant to 28 U.S.C. § 2241(a).

As for exhaustion, the parties dispute whether Petitioner has exhausted his administrative remedies prior to filing the instant habeas petition. Petitioner argues that, after the BOP declined to apply his earned FSA time credits to his sentence, he "attempted to effect the administrative remedy process but was denied the needed documents" and received "[n]o response from BOP staff on the matter." Dkt. No. 1 at 3.[1] The Government asserts that Petitioner could have taken additional steps to exhaust his administrative remedies, including contacting the regional director or the General Counsel to obtain any required forms. Dkt. No. 8 at 6-7. This Court, however, need not decide the issue of exhaustion because, for the reasons that follow, the petition fails on its merits.

---

1 Pro se filings are accorded "special solicitude" and "must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (citation modified). A litigant's *pro se* status, however, does not exempt him "from compliance with relevant rules of procedural and substantive law." *Id.* at 477.

## II. *Time Credits Under the First Step Act*

### A. *Applicable Law*

The FSA, provides, in relevant part, that an eligible individual "who successfully completes evidence-based recidivism reduction programming or productive activities[] shall earn time credits" that reduce his sentence of imprisonment. 18 U.S.C. § 3632(d)(4)(A). "An individual's successful participation in these programs requires a determination by [BOP] staff that an eligible inmate has participated in the relevant programming and has complied with its requirements." *United States v. James*, 151 F.4th 28, 40-41 (2d Cir. 2025) (citation modified). The FSA further provides, however, that certain convictions render an individual ineligible to earn time credits. 18 U.S.C. § 3632(d)(4)(D).

Section 3584 of Title 18 provides that "[m]ultiple terms of imprisonment ordered to run consecutively . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Accordingly, where an inmate is serving consecutive sentences, at least one of which is for an ineligible offense, the Second Circuit has held that FSA time credits are not available, even if one of his convictions is eligible for time credits. *Giovinco v. Pullen*, 118 F.4th 527, 530-31 (2d Cir. 2024) (citation modified), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025).

**B.** ***Application***

Petitioner argues that the BOP should not have treated his sentences as one aggregate sentence, and instead should have recognized his 21 U.S.C. § 841 conviction as an FSA eligible offense and applied FSA time credits to the sentence for that conviction. Dkt. No. 1 at 4-8. Petitioner also argues that BOP's application of 18 U.S.C. § 3584 to FSA time credits is flawed, exceeds its authority, and contradicts the congressional intent that sentences be distinct. *Id.* at 8-16.

All of Petitioner's arguments fail for the same reason. The Second Circuit has held that where, as here, any portion of an aggregated sentence includes an offense ineligible for time credits under the FSA, the BOP disqualifies an inmate from earning time credits during the *entirety* of the aggregated sentence. *See Giovinco*, 118 F.4th at 531-32.

Here, Petitioner was convicted of two offenses: conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860 and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The latter is an offense included in the list of offenses ineligible for FSA time credits. 18 U.S.C. § 3632(d)(4)(D)(xxii). Consequently, the BOP appropriately noted that Petitioner's 18 U.S.C. § 924(c) conviction rendered him ineligible for FSA time credits. *See Giovinco*, 118 F.4th at 531-32; Dkt. No. 1 at 3 (noting that the BOP refused to

apply time credits to Petitioner's sentence citing his "ineligibility stemming from the . . . 18 U.S.C. § 924(c) conviction").

### III. *Hallucinated Citations and Quotations*

As noted by the Government, Petitioner's brief contains hallucinated citations and quotations. The use of hallucinated citations, even by *pro se* litigants, is not permitted and indeed is sanctionable. *See, e.g.*, *McClellon v. Rickard*, No. 24-CV-10053 (VSB) (BCM), 2026 WL 686499, at *9 (S.D.N.Y. Mar. 11, 2026) (collecting cases). While this case is being closed as the petition is denied, Petitioner is cautioned that the use hallucinated citations or quotations in the future may result in sanctions.

## *CONCLUSION*

For the aforementioned reasons, the petition is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this order to petitioner at his last known address.

SO ORDERED.

Dated: Brooklyn, New York
August 14, 2026

/s/Denny Chin

DENNY CHIN
United States Circuit Judge
Sitting by Designation